UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MYRA M. BROOKER, | ) | C/A No.: 4:07-0587-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., issued on November 30, 2007. Myra M. Brooker (Plaintiff) brought this action pursuant to 42 U.S.C.§ 405(g) and 42 U.S.C. § 1381(c)(3) seeking judicial review of the Commissioner's final decision to deny the plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI). The magistrate recommends that the Commissioner's decision be reversed, and that this matter be remanded for further findings.

### **Background**

The claimant, Myra M. Brooker, filed an application for DIB on September 3, 2003, and SSI on August 18, 2003, alleging that a herniated disc, diabetes mellitus, and depression had left her disabled since June 12, 2003. The Commissioner denied the applications both initially and on reconsideration. Following a hearing, the

administrative law judge (ALJ) found, on January 18, 2006, that the plaintiff was not disabled because she has retained the residual functional capacity (RFC) to perform a significant range of sedentary work. The ALJ's decision became the final decision of the Commissioner when it was approved by the Appeals Council. *See* 20 C.F.R. § 404.981.

## **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The Defendant has not filed objections to the magistrate's Report and Recommendation.

## Conclusion

After a thorough review of the record, and Report and Recommendation, this Court finds that the magistrate's Report and Recommendation applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

It is therefore ORDERED that the Commissioner's decision be REVERSED, and that this matter be REMANDED TO THE COMMISSIONER for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina.

August  22 , 2008.