UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MYRA M. BROOKER, | ) | C/A No.: 4:07-0587-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| MICHAEL J. ASTRUE, COMMISIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's attorney seeks $5,315.18 in fees and $23.00 for costs. The government filed a response objecting to the petition for attorney's fees because it claims its position was substantially justified.

In the Report and Recommendation adopted by this Court, the magistrate concluded that the Administrative Law Judge failed to properly evaluate the total time the plaintiff could sit. Furthermore, the ALJ failed to explain the specific reasons for discounting Dr. Poletti's, the treating orthopaedist's, opinions in contrast to the RFC.

The government objects to an award of attorney's fees on the basis that the Commissioner's position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for an award of attorney's fees to a prevailing party, other than the

United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust. *Id*. Substantial justification requires justification to "a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position must have had "a reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565; *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991); *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct . . . ." *Underwood*, 487 U.S. at 566. In this instance the positions taken by the Commissioner were not substantially justified.

The government argues that the ALJ was justified in its finding that the defendant could sit through the day, and that the treating physician's opinion should be discounted. However, neither of these positions are substantially justified. First, the government argues that it was justified in its assertion that the Plaintiff's ability to sit was discussed in his residual functional capacity evaluation. The government argues that the ability to sit was inherently included in the ALJ's determination that the petitioner could conduct sedentary work. However, the Social Security Act, 42 U.S.C. § 405 (g), requires this Court to evaluate the decision of the ALJ to determine if there was substantial evidence to support the ALJ's finding. In this instance, the ALJ failed to address the petitioner's ability to sit despite the fact that the petitioner testified she was unable to sit and had to actually stand on multiple occasions during

the hearing.  Moreover, the ALJ failed to included a sit/stand option in his hypothetical, and failed to comment on the medical evidence revealing that the plaintiff complained to her physician that her back pain made it difficult for her to sit for extended periods of time.  Accordingly, the government's argument that the ALJ's decision was sufficient is without a reasonable basis.

Second, portions of the plaintiff's treating orthopaedist's, Dr. Poletti, opinion were improperly discounted.  A treating physician's opinion is entitled to great weight and may be disregarded only when there is <u>persuasive contradictory</u> evidence. *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).  However, in this instance, the ALJ completely ignored portions of Dr. Poletti's opinions that were inconsistent with the RFC.  *See* (Tr. 21) (the ALJ noted that the RFC was "not essentially inconsistent with the residual functional capacity described. . . ").  Such a finding was both significant and in opposition to the RFC, because Dr. Poletti opined that the plaintiff was unable to bend, twist, push or pull whereas the RFC allowed for such activities.  Thus, the ALJ's justification was entirely insufficient, and the Government's defense of the opinion was without substantial justification.

IT IS ORDERED that Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, be granted in the amount of $5,315.18 for fees and $23.00 for costs and expenses.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
January 14, 2009